# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>    Remaining Debtors. | Case No. 17-12560 (BLS)<br>Chapter 11<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>    Plaintiff,<br>vs.<br><br>DANNY VAN HOUTEN,<br><br>    Defendant. | Adversary case No. 19-50927 (BLS) |

## ANSWER

NOW COMES the Defendant, Danny Van Houten, by his attorneys, Steinhilber Swanson LLP, by Attorney Claire Ann Richman, and states as follows for his Answer to Plaintiff's, Woodbridge Liquidation Trust ("Trust'), Adversary Complaint: (1) for Avoidance and Recovery of Avoidable Transfers; and (II) for Sale of Unregistered Securities, for Fraud, and for Aiding and Abetting Fraud:

## NATURE OF THE ACTION

1. Answering Paragraph 1, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

1

2. Answering Paragraph 2, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

3. Answering Paragraph 3, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

## JURISDICTION AND VENUE

4. Answering Paragraph 4, Defendant admits that this Court has jurisdiction over this action regarding Counts I, II, III, IV, and V of this adversary proceeding and that said claims are core matters. Defendant admits that Counts VI, VII, and VIII are non-core matters. Defendant denies that this Court has jurisdiction over this action regarding Counts VI, VII, and VIII. Defendant does not consent to entry of final orders or judgments by this Court on Counts VI, VII, or VIII. Defendant denies any remaining allegations contained therein.

5. Answering Paragraph 5, Defendant admits that venue of this adversary proceeding is proper in this Court regarding only Counts I, II, III, IV, and V of this adversary proceeding. Defendant denies that venue of this adversary proceeding is proper in this Court Regarding Counts VI, VII, and VIII. Defendant denies any remaining allegations contained therein.

## THE PARTIES

*The Liquidation Trust*

6. Answering Paragraph 6, Defendant admits the allegations contained therein.

7. Answering Paragraph 7, Defendant admits the allegations contained therein.

8. Answering Paragraph 8, Defendant admits the allegations contained therein.

9. Answering Paragraph 9, Defendant admits the allegations contained therein.

10. Answering Paragraph 10, Defendant admits the allegations contained therein.

11. Answering Paragraph 11, Defendant admits the allegations contained therein.

12. Answering Paragraph 12, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

*Defendants*

13. Answering Paragraph 13, Defendant admits he is an individual residing in the state of Wisconsin. Defendant denies the remaining allegations contained therein.

14. Answering Paragraph 14, Defendant denies the allegations contained therein.

## FACTUAL BACKGROUND

*The Fraud*

15. Answering Paragraph 15, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

16. Answering Paragraph 16, Defendant admits there was no registration with the Securities and Exchange Commission ("SEC") or an applicable state securities agency and that the Defendant was not registered as a broker or dealer with the SEC or an applicable state securities agency. Defendant lacks sufficient knowledge or information to form a belief as to the veracity of whether there was no applicable exemption from registration and therefore denies the same and puts Plaintiff to its proof thereon. Defendant denies the remaining allegations contained therein.

17. Answering Paragraph 17, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

18. Answering Paragraph 18, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

19. Answering Paragraph 19, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

*The Transfers*

20. Answering Paragraph 20, Defendant admits the allegations contained therein.

21. Answering Paragraph 21, Defendant admits he received certain of the Two Year Transfers as payment of commissions, but denies receipt of $1,250.00 clear date 08/15/17, $1,000.00 clear date 03/28/17, $1,000.00 clear date 01/11/17, $6,500.00 clear date 09/02/16, $2,200.00 clear date 08/01/16, $2,200.00 clear date 05/03/16, and $2,000.00 clear date 05/03/16.

22. Answering Paragraph 22, Defendant admits he received certain of the Four Year Transfers as payment of commissions, but denies receipt of $1,000.00 clear date 11/20/15 and $1,530.00 clear date 09/24/15.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

23. Answering Paragraph 23, Defendants restates his answers to Paragraphs 1 through 22 as if set forth herein.

24. Answering Paragraph 24, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

25. Answering Paragraph 25, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

26. Answering Paragraph 26, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

27. Answering Paragraph 27, Defendant denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Fraudulent Transfers – Bankruptcy Code**

28. Answering Paragraph 28, Defendant restates his answers to Paragraphs 1 through 27 as if set forth herein.

29. Answering Paragraph 29, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

30. Answering Paragraph 30, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

31. Answering Paragraph 31, Defendant admits the allegations contained therein.

32. Answering Paragraph 32, Defendant denies the allegations contained therein.

## THIRD CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Fraudulent Transfers – Bankruptcy Code**

33. Answering Paragraph 33, Defendant restates his answers to Paragraphs 1 through 32 as if set forth herein.

34. Answering Paragraph 34, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

35. Answering Paragraph 35, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

36. Answering Paragraph 36, Defendant admits the allegations contained therein.

37. Answering Paragraph 37, Defendant denies the allegations contained therein.

## FOURTH CLAIM FOR RELIEF

**Avoidance and Recovery of Actual Intent Voidable Transactions – State Law**

38. Answering Paragraph 38, Defendant restates his answers to Paragraphs 1 through 37 as if set forth herein.

39. Answering Paragraph 39, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

40. Answering Paragraph 40, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

41. Answering Paragraph 41, Defendant admits the allegations contained therein.

42. Answering Paragraph 42, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

43. Answering Paragraph 43, Defendant denies the allegations contained therein.

44. Answering Paragraph 44, Defendant denies the allegations contained therein.

## FIFTH CLAIM FOR RELIEF

**Avoidance and Recovery of Constructive Voidable Transactions – State Law**

45. Answering Paragraph 45, Defendant restates his answers to Paragraphs 1 through 44 as if set forth herein.

46. Answering Paragraph 46, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

47. Answering Paragraph 47, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

48. Answering Paragraph 48, Defendant denies the allegations contained therein.

49. Answering Paragraph 49, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

50. Answering Paragraph 50, Defendant denies the allegations contained therein.

51. Answering Paragraph 51, Defendant denies the allegations contained therein.

## SIXTH CLAIM FOR RELIEF

**Sale of Unregistered Securities (Securities Act Sections 5(a), 5(c), and 12(a))**

52. Answering Paragraph 52, Defendant restates his answers to Paragraphs 1 through 51 as if set forth herein.

53. Answering Paragraph 53, Defendant denies the allegations contained therein.

54. Answering Paragraph 54, Defendant admits that no registration statement was filed or in effect with the SEC pursuant to the Securities Act. Defendant lacks sufficient knowledge or information to form a belief as to their veracity of whether no exemption from registration existed and therefore denies the same and puts Plaintiff to its proof thereon. Defendant denies the remaining allegations contained therein.

55. Answering Paragraph 55, Defendant denies the allegations contained therein.

56. Answering Paragraph 56, Defendant denies the allegations contained therein.

57. Answering Paragraph 57, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

58. Answering Paragraph 58, Defendant denies the allegations contained therein.

## SEVENTH CLAIM FOR RELIEF

### Fraud

59. Answering Paragraph 59, Defendant restates his answers to Paragraphs 1 through 58 as if set forth herein.

60. Answering Paragraph 60, Defendant denies the allegations contained therein.

61. Answering Paragraph 61, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

62. Answering Paragraph 62, Defendant denies the allegations contained therein.

63. Answering Paragraph 63, Defendant denies the allegations contained therein.

64. Answering Paragraph 64, Defendant denies the allegations contained therein.

## EIGHTH CLAIM FOR RELIEF

### Aiding and Abetting Fraud

65. Answering Paragraph 65, Defendant restates his answers to Paragraphs 1 through 64 as if set forth herein.

66. Answering Paragraph 66, Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations contained therein and therefore denies the same and puts Plaintiff to its proof thereon.

67. Answering Paragraph 67, Defendant denies the allegations contained therein.

68. Answering Paragraph 68, Defendant denies the allegations contained therein.

69. Answering Paragraph 69, Defendant denies the allegations contained therein.

70. Answering Paragraph 70, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

71. Plaintiff does not state a claim for which relief can be granted.

72. All transfers were made in the ordinary course of business.

73. All transfers were intended by the debtor and Defendant to be a contemporaneous exchange for new value given to the Debtor.

74. All transfers were in fact a substantially contemporaneous exchange.

75. All transfers were in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and such transfers were made in the ordinary course of business of financial affairs of the debtor and the transferee,

76. All transfers were in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and such transfers were made according to ordinary business terms.

77. After such transfers, Defendant gave new value to or for the benefit of the debtor not secured by an otherwise unavoidable security interest and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

78. The transfers were made while the Debtor was solvent.

79. Debtor did not become insolvent as a result of any of the transfers.

80. All transfers were for adequate consideration.

81. Defendant gave a reasonable equivalent value to Debtor in exchange for transfers.

WHEREFORE, the Defendant respectfully requests the following relief:

A. Dismissal of Plaintiff's Adversary Complaint: (1) for Avoidance and Recovery of Avoidable Transfers; and (II) for Sale of Unregistered Securities, for Fraud, and for Aiding and Abetting Fraud.

B. The costs and disbursements of defending this action, including attorney's fees as allowed by law.

C. Any other further relief the Court deems just and proper.

Dated this 4th day of February 2020.

**STEINHILBER SWANSON LLP**
**Attorneys for Danny Van Houten**

By: */s/ Claire Ann Richman*
Claire Ann Richman
122 W. Washington Ave., Suite 850
Madison, WI 53703-2718
Telephone: (608) 630-8990
Facsimile: (608) 630-8991
crichman@steinhilberswanson.com